MRS. JOHN J. SHORT, AND HARRY G. BRYANT, PLAINTIFFS v. GEORGE A. BRYANT, JR. AS EXECUTOR OF THE ESTATE OF GEORGE A. BRYANT, SR., ET AL., DEFENDANTS

No. 8921SC549

(Filed 6 February 1990)

1. Execution § 15.1 (NCI3d) — sheriff's sale — motion to set aside — evidence insufficient

Inadequacy of price alone is not sufficient to declare a deed issued pursuant to an execution sale void; to void such

a deed a showing of some trick, oppression, artifice or undue advantage is required, and defendant made no such showing.

**Am Jur 2d, Executions §§ 728, 733, 734.**

2. **Attorneys at Law § 7.5 (NCI3d) — motion to set aside sheriff's deed — frivolous — attorney fees as costs**

Defendant was not exempt from the sanctions of N.C.G.S. § 6-21.5, under which plaintiff was awarded attorney fees incurred in defense of defendant's motion to set aside a sheriff's deed, where N.C.G.S. § 6-21.5 became effective on 1 October 1984; the underlying action was brought on 16 September 1983; defendant signed a consent judgment which was filed on 17 September 1985; and defendant's motion to cancel the sheriff's deed was filed on 13 January 1988. Frivolous action in a lawsuit can occur at any stage of the proceeding and whenever it occurs is subject to the legislative ban; the consent judgment effectively brought the original case to a close and the motion to cancel the sheriff's deed raised new issues for which he is accountable.

**Am Jur 2d, Costs § 79.**

APPEAL by defendant from order entered 1 February 1989 by *Martin, Lester P., Jr., Judge,* in FORSYTH County Superior Court. Heard in the Court of Appeals 23 October 1989.

This appeal is from the denial of defendant's motion to cancel a Sheriff's Deed issued pursuant to the execution sale of defendant's real property. The underlying action was brought by plaintiffs on 16 September 1983. Defendant signed a consent judgment which was filed on 17 September 1985. Pursuant to the execution of the judgment the Forsyth County Sheriff caused defendant's property to be sold at public auction on 22 December 1986, the order of confirmation of the sale was entered by the Clerk of Superior Court of Forsyth County on 8 January 1987, and the Sheriff's Deed was issued on 14 January 1987. Defendant's motion to cancel the Sheriff's Deed was filed 13 January 1988 and denied by the trial court on 1 February 1989. In addition, the court found that defendant's motion lacked any justiciable issues of law or fact and pursuant to G.S. 6-21.5 awarded plaintiffs attorney's fees incurred in the defense of defendant's motion. From the denial of his motion and the award of attorney's fees defendant appeals.

SHORT v. BRYANT

[97 N.C. App. 327 (1990)]

*Joseph T. Carruthers for plaintiff appellee.*

*George A. Bryant, Jr., defendant appellant, pro se.*

PHILLIPS, Judge.

[1] Defendant's first assignment of error concerns the court's denial of his motion to cancel the Sheriff's Deed conveying defendant's property to the purchasers of it at auction. He contends that the price received was inadequate and that "other circumstances," when combined with the inadequate price, warrant cancellation of the deed. While theoretically correct, defendant has failed to show any other circumstances to justify his contention. Inadequacy of price alone is insufficient to declare a deed issued pursuant to an execution sale void. *Weir v. Weir*, 196 N.C. 268, 145 S.E. 281 (1928). To void such a deed a showing of some trick, oppression, artifice, fraud or undue advantage is required, *Weir v. Weir, supra*, and defendant has made no such showing.

[2] His next assignment of error concerns the awarding of attorney's fees to plaintiffs under G.S. 6-21.5, which became effective on 1 October 1984, and contends that as the underlying action arose in 1983, he is exempt from the sanctions imposed by the statute. We disagree. G.S. 6-21.5 states in part that upon motion by the prevailing party the court may award attorney's fees if it finds there was a "complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." The legislative purpose of this statute is to discourage frivolous legal action and that purpose may not be circumvented by limiting the statute's application to the initial pleadings. Frivolous action in a lawsuit can occur at any stage of the proceeding and whenever it occurs is subject to the legislative ban. The consent judgment, which defendant entered into, effectively brought the original case to a close; his motion to cancel the Sheriff's Deed raised new issues for which he is accountable, and the attorney fees assessed against him are only those incurred in combating those issues.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.