PERSIS NOVA CONSTRUCTION, INC., D/B/A PERSIS-NOVA CONSTRUCTION COMPANY A/K/A P&N HOMES, Plaintiff v. BRUCE K. EDWARDS and KATHLYN E. EDWARDS, Defendants

No. COA07-1501

(Filed 20 January 2009)

**1. Pleadings— Rule 11 sanctions—reasonable inquiry**

The trial court did not err in a breach of contract and unjust enrichment case by denying defendants' motion for N.C.G.S. § 1A-1, Rule 11 sanctions because: (1) the evidence supported the trial court's findings that plaintiff undertook a reasonable inquiry

into the facts and that plaintiff reasonably believed that the complaint was well-grounded in fact; (2) defendants presented no authority for their suggestion that plaintiff's complaint was factually insufficient per se since none of the parties to the contract were licensed contractors; and (3) the filing of a complaint for the purpose of collecting a contract balance is proper.

## 2. Costs— attorney fees—prevailing party

The trial court erred in a breach of contract and unjust enrichment case by denying defendants' motion for attorney fees under N.C.G.S. § 6-21.5 based on the erroneous conclusion that there was no prevailing party in this action, and the case is remanded to the trial court to make further findings and conclusions, because: (1) a prevailing party under N.C.G.S. § 6-21.5 is a party who prevails on a claim or issue in an action, and not a party who prevails in the action; (2) attorney fees are available under N.C.G.S. § 6-21.5 against any party who raises an issue in which there is a complete absence of a justiciable issue of either law or fact; (3) the legislative purpose of N.C.G.S. § 6-21.5 is to discourage frivolous action, and this purpose would be circumvented by limiting the statute's application to the party who prevails in an action; and (4) although the trial court properly found that plaintiff did not prevail on the claims set forth in its complaint and that defendants did not prevail on the counterclaim set forth in their answer, defendants prevailed on plaintiff's claims and plaintiff prevailed on defendants' counterclaim.

Appeal by Defendants from order entered 9 April 2007 by Judge Jesse B. Caldwell, III, in Catawba County Superior Court. Heard in the Court of Appeals 21 August 2008.

*Smith Currie & Hancock, LLP, by Robert J. Greene, Jr., for Plaintiff-Appellee.*

*Crowe & Davis, P.A., by H. Kent Crowe, for Defendants-Appellants.*

STEPHENS, Judge.

Defendants appeal an order denying their motion for sanctions and attorney's fees brought pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 11, and 6-21.5, respectively. We agree with the trial court that the filing of this lawsuit did not violate Rule 11; therefore, we affirm the trial court's decision to deny Rule 11 sanctions. We disagree, how-

ever, with the trial court's conclusion that there was no prevailing party in this action. Accordingly, we reverse that portion of the trial court's order and remand the matter for additional findings and conclusions.

*Facts*

In January 2003, Defendant Bruce Edwards executed a "Purchase Agreement" whereby "Bruce & Kathlyn Edwards, as Buyer[s,]" agreed to purchase certain "real estate and [i]mprovements" located in Catawba County from "P & N Homes, Inc.[,]" for the purchase price of $356,975.00. Defendant Kathlyn Edwards did not sign the agreement. Frank Arooji signed the agreement on behalf of the seller. The seller's logo was printed at the top of the agreement's first page and identified the seller as both "p&n homes" and "Persis-Nova Construction Co."

Later that month, Bruce Edwards and Frank Arooji executed an "Addendum to Purchase Agreement[.]" The addendum stated that it was between "Bruce & Kathlyn Edwards" and "P&N Homes" and detailed the purchase agreement's purchase price as follows:

(1) [T]he purchase price is $238,975.00[;]

(2) Included in contract is $96,000.00 for lot payoff[;]

(3) Included in contract is $22,000.00 allowance for future upgrades . . . [;]

Therefore, the contract price is $356,975.00[.]

Kathlyn Edwards did not sign the addendum.

On 5 March 2004, Bruce and Kathlyn Edwards and Frank Arooji executed a letter, written on letterhead containing the same logo as described above, which stated as follows:

This is to certify that Mr. and Mrs. Bruce Edwards and Persis-Nova Builders have reached an agreement that reads as follows:

The final contract price of the construction cost of Mr. and Mrs. Edwards has been finalized at $274,500 . . . . This total includes all the change orders and upgrades that have occurred, generated, and put in place during the construction of their home located in Somerset Subdivision at Lot 6. The original contract price was based on $238,975.00 . . . . This agreement has been reached as a result of the meeting that took place between Bruce

and Kathy Edwards and Frank Arooji of Persis-Nova Construction on Thursday, March 4, 2004 at Persis Nova's main office . . . . It is also verified that Persis Nova Builders has received a total of $232,048.25 . . . .

The balance owed is $42,451.25 . . . .

Subsequently, attorney Lisa Jarvis closed Defendants' construction loan and forwarded funds from the closing to Plaintiff in satisfaction of the purchase agreement.

On 27 October 2004, Plaintiff "Persis-Nova Construction, Inc. d/b/a Persis-Nova Construction Company a/k/a P&N Homes" filed a verified complaint commencing this action. The complaint was prepared by the law firm of Horack, Talley, Pharr & Lowndes, P.A. ("Horack Talley"), listed David L. Edwards and D. Christopher Osborn as Plaintiff's attorneys, and was signed by David L. Edwards. Frank Arooji verified the complaint. Plaintiff alleged that it was a North Carolina corporation with its principal place of business in Mecklenburg County and that Defendants had not paid $15,000.00 of the $42,451.25 due under the terms of the 5 March 2004 letter. On claims of breach of contract and unjust enrichment, Plaintiff sought $15,000.00 in compensatory damages.

Defendants filed an answer and counterclaim on 13 January 2005. In the answer, Defendants admitted that Plaintiff was a North Carolina corporation with its principal place of business in Mecklenburg County. In the counterclaim, Defendants alleged that Plaintiff did not construct the house in either a workmanlike or a timely manner. On a claim of breach of contract, Defendants sought damages in excess of $10,000.00. Plaintiff answered the counterclaim on 18 February 2005.

Almost nineteen months later, on or about 1 September 2006, Defendants filed a motion for summary judgment. In support of the motion, Defendants filed the affidavit of attorney Curtis R. Sharpe, Jr., who averred as follows:

4. I have made a diligent search [of the] Catawba County Register of Deeds office. I find no registered certificate of assumed name with respect to P&N Homes nor P&N Homes, Inc. I have found no registered certificate of assumed name with respect to Persis-Nova Construction Co. nor Persis-Nova Construction Company. I have found no registered certificate of assumed name with respect to Persis-Nova Builders.

5. I have also searched the Mecklenburg County Register of Deeds and find no registration of an assumed name with respect to P&N Homes, P&N Homes, Inc., Persis-Nova Construction Co., nor Persis-Nova Builders. I did find a registered certificate of assumed name for Persis-Nova Construction Company . . . which indicates that the business is a sole proprietorship and the owner of said business is Ebrahim S. Mowlavi . . . .

6. I have searched the roster for the North Carolina Licensing Board for General Contractors. There is no currently licensed contractor in North Carolina with the name Frank Arooji, P&N Homes; P&N Homes, Inc[.]; Persis-Nova Construction Co.; Persis-Nova Construction, Inc.; nor Persis-Nova Builders. There is a licensed contractor known as Ebrahim Safaie Mowlavi, T/A Persis-Nova Construction Company, whose sole qualifier is Ebrahim S. Mowlavi. There is a record of a previous contractor license issued in the name of Farzad Steve Arooji, which was most recently renewed on July 22, 2002, and which is now expired and invalid.

7. I have searched the Secretary of State's website and there is no corporation authorized to do business in the State of North Carolina with the name P&N Homes, Inc.; Persis-Nova Construction Company; or Persis-Nova Construction Co.

In an order filed 28 September 2006, the trial court made the following findings of fact:

1. Plaintiff, Persis-Nova Construction, Inc. is a corporation licensed in the State of North Carolina. Persis-Nova Construction, Inc., however, is an unlicensed general contractor within the meaning of Chapter 87 of the North Carolina General Statutes. Moreover, Persis-Nova Construction, Inc., has no certificate of assumed name registered with the Mecklenburg County Register of Deeds office nor the Catawba County Register of Deeds office.

2. Persis-Nova Construction Company is not a corporation. Persis-Nova Construction Company is an assumed name of Ebrahim Mowlavi. Ebrahim Mowlavi is not a party to this action.

3. P&N Homes is not a corporation nor is it an assumed name for any lawfully recognized entity. P&N Homes is a nullity.

4. The Defendants signed a document on March 5, 2004. The Court notes that this is the only document signed by Defendant Kathlyn E. Edwards. The March 5, 2004 document is between the Defendants and Frank Arooji of Persis-Nova Construction. The first paragraph of the March 5, 2004 document identifies at least two entities, Persis-Nova Construction and Persis-Nova Builders. Neither Persis-Nova Construction, nor Persis-Nova Builders are corporations. There are no certificates of assumed name registered with respect [to] Persis-Nova Construction nor Persis-Nova Builders. Persis-Nova Construction and Persis-Nova Builders are nullities. Frank Arooji is an unlicensed general contractor within the meaning of Chapter 87 of the North Carolina General Statutes.

5. The January 4, 2003 document captioned "Purchase Agreement" is between P&N Homes, Inc., and is signed only by Defendant Bruce K. Edwards. P&N Homes, Inc. is not a duly licensed corporation and is a nullity.

6. P&N Homes, Inc. possesses no general contractors license within the meaning of Chapter 87 of the North Carolina General Statutes.

7. The addendum to the document captioned "Purchase Agreement" dated January 4, 2003 is between the Defendant, Bruce Edwards, and P&N Homes. P&N Homes is not an assumed name for any legal entity. P&N Homes is an unlicensed general contractor within the meaning of Chapter 87 of the North Carolina General Statutes.

After making these findings,[1] the trial court ordered as follows:

1. The Defendants' Motion for Summary Judgment is allowed and Plaintiff's Complaint is dismissed with prejudice.

2. The Court also grants Summary Judgment in favor of the Plaintiffs and dismisses [without] prejudice Defendants' Counterclaim; the dismissal of Defendants' counterclaim,

---

1. "While it is true that a trial court may not, on summary judgment, make findings of fact resolving disputed issues of fact, when—as here—the material facts are undisputed, an order may include a recitation of those undisputed facts." *In re Estate of Pope*, 192 N.C. App. 321, 329, 666 S.E.2d 140, 147 (2008) (citations omitted). When the recitation of undisputed facts appears "helpful or necessary, the court should let the judgment show that the facts set out therein are the undisputed facts." *Capps v. City of Raleigh*, 35 N.C. App. 290, 292, 241 S.E.2d 527, 529 (1978).

however, is without prejudice pending further filings as may be proper and legally cognizable.

On 28 September 2006, Defendants filed a "Motion for Sanctions and Motion for Attorneys Fees" pursuant to N.C. Gen. Stat. §§ 1A-1, Rule 11, and 6-21.5, respectively. At a hearing on the motion conducted 16-17 January 2007, the trial court heard the testimony of Mr. Osborn, Ebrahim Mowlavi, Frank Arooji, and Ms. Jarvis. In an order entered 9 April 2007, the trial court denied Defendants' motion. Defendants appeal.

### Rule 11

**[1]** Defendants first argue that the trial court erred in denying their motion for Rule 11 sanctions. "The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue." *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Under this standard, this Court "will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Id.* If we make these three determinations in the affirmative, we must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under Rule 11. *Id.*

"There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of any one of these requirements mandates the imposition of sanctions under Rule 11." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (internal citations omitted), *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994). We need not address the legal sufficiency of Plaintiff's complaint because Defendants do not argue to this Court that Plaintiff's complaint was legally insufficient. N.C. R. App. P. 28(a). Instead, Defendants argue that Plaintiff's complaint was factually insufficient and was filed for an improper purpose.

### 1. Factual Sufficiency

Analysis of the factual sufficiency of a complaint requires the court to determine "(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact." *Page v. Roscoe, LLC*, 128 N.C. App. 678, 681-82, 497 S.E.2d 422, 425 (1998). An inquiry is

reasonable if "given the knowledge and information which can be imputed to a party, a reasonable person under the same or similar circumstances would have terminated his or her inquiry and formed the belief that the claim was warranted under existing law[.]" *Bryson v. Sullivan,* 330 N.C. 644, 661-62, 412 S.E.2d 327, 336 (1992).

*Static Control Components, Inc. v. Vogler,* 152 N.C. App. 599, 603-04, 568 S.E.2d 305, 308 (2002). In the case at bar, the trial court found that Plaintiff undertook a reasonable inquiry into the facts and that Plaintiff reasonably believed that the complaint was well grounded in fact. Defendants contend that these findings are not supported by sufficient evidence. We disagree.

Ms. Jarvis, the closing attorney, testified that she had closed "hundreds" of loans for "Persis Nova" over approximately ten years. She also testified that she explained her understanding of the parties' dispute to attorneys at Horack Talley. Ms. Jarvis testified that she understood that Defendants owed Plaintiff money as a result of the closing. Finally, Ms. Jarvis testified that she sent Horack Talley a copy of the articles of organization of Persis-Nova Construction, Inc. Mr. Osborn, one of the attorneys who filed the complaint, testified that he filed the complaint "based on the information that was provided to [Horack Talley] by Miss Jarvis[.]" Mr. Osborn further testified that he reviewed the 5 March 2004 letter and that he verified that Persis-Nova Construction, Inc. had filed articles of organization with the Secretary of State. Mr. Osborn also testified that he alleged Persis-Nova Construction, Inc. was doing business as Persis-Nova Construction Company "because that comported with the information that [he] obtained from [the] client[.]" Finally, Mr. Osborn testified that he did not know exactly what steps he took to verify that Persis-Nova Construction, Inc. was doing business as Persis-Nova Construction Company, but that he did not "regularly go and check assumed names [databases] unless [he had] some cause or reason to." This evidence supports the trial court's findings that Plaintiff undertook a reasonable inquiry into the facts and that Plaintiff reasonably believed that the complaint was well grounded in fact.

Defendants present no authority for their suggestion that Plaintiff's complaint was factually insufficient *per se* because neither Persis-Nova Construction, Inc. nor any of the parties to the contract were contractors licensed under N.C. Gen. Stat. ch. 87. Regardless, we do not find Defendants' suggestion persuasive. The

test to be applied in analyzing the factual sufficiency of a complaint is one of reasonableness under the circumstances. Defendants' argument is overruled.

## 2. Improper Purpose

"An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Mack v. Moore,* 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (quoting Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 13(C) (Supp. 1992)).

> For example, an improper purpose may be inferred from "the service or filing of excessive, successive, or repetitive [papers] . . .," from "filing successive lawsuits despite the res judicata bar of earlier judgments," from "failing to serve the adversary with contested motions," from filing numerous dispositive motions when trial is imminent, from "the filing of meritless papers by counsel who have extensive experience in the pertinent area of law," from "filing suit with no factual basis for the purpose of 'fishing' for some evidence of liability," from "continuing to press an obviously meritless claim after being specifically advised of its meritlessness by a judge or magistrate," or from "filing papers containing 'scandalous, libellous, and impertinent matters' for the purpose of harassing a party or counsel."

*Id.* Under Rule 11, an objective standard is used to determine whether a paper was filed for an improper purpose, and the movant has the burden of proving an improper purpose. *Bryson,* 330 N.C. at 656, 412 S.E.2d at 333. In the present case, Defendants argue that Plaintiff filed the complaint for the improper purpose of collecting "money from the Defendants that is uncollectible by virtue of Chapter 87 of the North Carolina General Statutes." Again, we disagree.

In its second finding of fact, the trial court found that Plaintiff filed its complaint for the purpose of putting its claims of rights under the contract to a proper test:

> The evidence adduced at the hearing by Plaintiffs [sic] with regard to Defendants' Rule 11 motion indicated, by a preponderance, that the attorney signing the original complaint which was filed in this action believed that the action was merely a collection of a contract balance for the purchase of improvements to real property owned by the Defendants.

Defendants did not assign error to this finding, and, thus, this finding is binding on this Court. N.C. R. App. P. 10(a). *See also Koufman v. Koufman*, 330 N.C. 93, 97-98, 408 S.E.2d 729, 731 (1991). The filing of a complaint for the purpose of collecting a contract balance is proper. The trial court's finding supports its conclusion that the complaint was not filed for an improper purpose. Defendants' argument is overruled.

### Section 6-21.5

**[2]** Defendants next argue that the trial court erred in denying their motion for attorney's fees brought pursuant to N.C. Gen. Stat. § 6-21.5. In denying Defendants' motion, the trial court found that

> [b]y [the 28 September 2006 summary judgment order], the claims of the Plaintiffs [sic] and Defendants were each and all dismissed.

Thus, the trial court concluded,

> [t]here was no "prevailing party" as required by N.C.G.S. § 6-21.5 and the Defendants have failed to meet the primary threshold for an award of attorneys' fees under the referenced statute.

Based solely upon this conclusion, the trial court denied Defendants' motion for fees. Defendants contend that the trial court erred in concluding that there was no prevailing party in this action. After careful consideration, we agree.

Section 6-21.5 provides as follows:

> In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required

under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

N.C. Gen. Stat. § 6-21.5 (2007). This statute, enacted in 1984 and amended in 2006, has been interpreted by the Supreme Court and this Court numerous times. *E.g., Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 400 S.E.2d 435 (1991). Prior decisions have focused on the sufficiency of a pleading to raise a justiciable issue of law or fact, *see, e.g., Sprouse v. N. River Ins. Co.*, 81 N.C. App. 311, 325, 344 S.E.2d 555, 565, ("The sufficiency of a pleading is after all a question of law for the court.") (citing *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970)), *disc. review denied*, 318 N.C. 284, 348 S.E.2d 344 (1986), but also have discussed a trial court's discretionary authority to award attorney's fees. *See Willow Bend Homeowners Ass'n v. Robinson*, 192 N.C. App. 405, 417, 665 S.E.2d 570, 577 (2008) ("Where attorney's fees are available under N.C.G.S. § 6-21.5, we review the trial court's denial of attorney's fees for abuse of discretion.") (citation omitted). To date, however, neither Court has addressed the question of who is a "prevailing party" under this statute. *But see House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195-96, 412 S.E.2d 893, 896 (adopting the "merits test" to determine who was a "prevailing party" under N.C. Gen. Stat. § 6-19.1), *disc. review denied*, 331 N.C. 284, 417 S.E.2d 251 (1992); *H.B.S. Contr'rs, Inc. v. Cumberland Cty. Bd. of Educ.*, 122 N.C. App. 49, 57, 468 S.E.2d 517, 522-23 (adopting the "merits test" to determine who was a "prevailing party" under N.C. Gen. Stat. § 143-318.16B), *disc. review improvidently allowed*, 345 N.C. 178, 477 S.E.2d 926 (1996) (per curiam).

Because Section 6-21.5 provides for an award of attorney's fees in derogation of the common law, this statute must be strictly construed. *Sunamerica*, 328 N.C. at 257, 400 S.E.2d at 437. *See also Bailey v. State*, 348 N.C. 130, 159, 500 S.E.2d 54, 71 (1998) ("[T]he general rule in this country [is] that every litigant is responsible for his or her own attorney's fees.") (citations omitted). In construing a statute, "our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished." *Elec. Supply Co. of Durham v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citing *State ex rel. Hunt v. North Carolina Reinsurance Facil.*, 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981)). "The first consideration in determining legislative intent is the words chosen by the legislature." *O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 267-68, 624 S.E.2d 345, 348 (2006) (citing *Brown v. Flowe*, 349 N.C. 520, 522,

507 S.E.2d 894, 895-96 (1998)). When the words are unambiguous, "they are to be given their plain and ordinary meanings." *Id.* at 268, 624 S.E.2d at 348.

Section 6-21.5 is unambiguous in providing that attorney's fees may be awarded against the "losing party *in any pleading*." N.C. Gen. Stat. § 6-21.5 (emphasis added). Thus, by the plain language of the statute, attorney's fees may be awarded against more than one party in an action. In other words, a "prevailing party," as used in Section 6-21.5, is a party who prevails on a claim or issue in an action, not a party who prevails *in the action*.

This reading of the statute is bolstered by *dicta* in *Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 413 S.E.2d 268 (1992). In that case, plaintiff Investors Title brought multiple claims against multiple defendants, including defendant Southeastern Shelter Corporation. Investors prevailed on some, but not all, of its claims against Southeastern at trial, and Southeastern prevailed on a crossclaim against a co-defendant. The trial court awarded attorney's fees to Investors under N.C. Gen. Stat. § 75-1.1. On appeal, the Supreme Court reversed the award of attorney's fees on the ground that Section 75-1.1 did not apply to Investors. The Supreme Court then stated:

> Attorney's fees are also not allowable in this case under N.C.G.S. § 6-21.5. . . . Since both parties were able to sustain and prevail on several different issues through the various stages of this case, one cannot reasonably say that there was a complete lack of a justiciable issue as to either party.

*Id.* at 695, 413 S.E.2d at 275. This language clearly implies that attorney's fees are available under Section 6-21.5 against any party who raises an issue in which there is a complete absence of a justiciable issue of either law or fact.

We also note that this Court has previously stated that "[t]he legislative purpose of [Section 6-21.5] is to discourage frivolous legal action[.]" *Short v. Bryant*, 97 N.C. App. 327, 329, 388 S.E.2d 205, 206 (1990). *See also Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 603, 344 S.E.2d 847, 849 (1986) (stating that Section 6-21.5 "appears to be based on deterring frivolous and bad faith lawsuits by the use of attorney's fees"), *affirmed in part and reversed in part on other grounds*, 320 N.C. 669, 360 S.E.2d 772 (1987). This purpose would be circumvented by limiting the statute's application to the party who prevails *in an action*. *Short*, 97 N.C. App. at 329,

388 S.E.2d at 206 ("Frivolous action in a lawsuit can occur at any stage of the proceeding and whenever it occurs is subject to the legislative ban.").

In this case, the trial court properly found that Plaintiff did not prevail on the claims set forth in its complaint and that Defendants did not prevail on the counterclaim set forth in their answer. As a corollary, however, Defendants prevailed on Plaintiff's claims, and Plaintiff prevailed on Defendants' counterclaim. Accordingly, the trial court erroneously concluded that Defendants were not prevailing parties in this action.

The decision to award or deny attorney's fees under Section 6-21.5 is a matter left to the sound discretion of the trial court. Accordingly, we must remand this case to the trial court to make further findings and conclusions resolving Defendants' motion for attorney's fees. Upon remand, the trial court should consider all of the criteria for an award of attorney's fees under N.C. Gen. Stat. § 6-21.5 before making its decision to award or deny fees.

AFFIRMED IN PART; REVERSED IN PART and REMANDED.

Judges STEELMAN and GEER concur.