WAYNE STREET MOBILE HOME PARK, LLC AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT v. NORTH BRUNSWICK SANITARY DISTRICT, DEFENDANT-APPELLEE

No. COA10-1111

(Filed 19 July 2011)

**1. Utilities— sanitary districts—collection of late fees**

The trial court did not err by granting defendant's motion to dismiss a complaint challenging defendant's collection of late fees on the contention that sanitary districts are public utilities subject to the Utilities Commission's regulation of late charges. A 1950 case stated that sanitary districts are quasi-municipal corporations that are not under the control of the Utilities Commission as to services or rates, and a subsequent change in statutory language was not intended to include sanitary districts within the Commission's supervisory purview.

**2. Attorney Fees— challenge to late fees—utilities**

The trial court did not err by awarding attorney fees pursuant to N.C.G.S. § 6-21.5 based on plaintiff not raising justiciable issues of law and fact. Plaintiff's argument was without merit because it was predicated on sanitary districts being subject to the Utilities Commission's supervisory powers, which they are not.

Appeal by Plaintiff from orders entered 7 May 2010 by Judge Ola M. Lewis in Superior Court, Brunswick County. Heard in the Court of Appeals 21 February 2011.

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

*Robertson, Medlin & Bloss, PLLC, by John F. Bloss and Stephen E. Robertson, for Plaintiff-Appellant.*

*Hogue Hill Jones Nash & Lynch, LLP, by Anna J. Averitt, for Defendant-Appellee.*

McGEE, Judge.

Wayne Street Mobile Home Park, LLC, (Plaintiff) is a North Carolina corporation operating a mobile home park located in Brunswick County, North Carolina. North Brunswick Sanitary District (Defendant), currently known as Brunswick Regional Water and Sewer District H2GO, is a sanitary district also operating in Brunswick County, and is in the business of treating and distributing water. Defendant's predecessor in interest was called Leland Sanitary District, created in 1976.

Plaintiff has been one of Defendant's customers since approximately 2003 and has purchased water from Defendant since that time. Plaintiff has been late in paying its water bill on six different occasions and has paid late fees, totaling $256.08. The late fees charged were approximately ten percent of the total balance due for each bill.

Plaintiff filed a complaint on 4 January 2010 alleging that, pursuant to North Carolina Utilities Commission (N.C.U.C.) Rule R12-9(d), Defendant could not charge a late payment in excess of one percent of the balance due. Plaintiff further alleged that Defendant was a "public utility" as defined by N.C. Gen. Stat. § 62-3(23)(a) and, under N.C. Gen. Stat. § 62-110.5, was not exempt from regulation by the North Carolina Utilities Commission (the Commission). In its complaint, Plaintiff requested "[t]hat the [c]ourt determine that this action shall proceed as a class action[.]" Plaintiff's complaint also alleged unfair and deceptive trade practices by Defendant, and sought an injunction enjoining Defendant from charging excessive late fees.

Plaintiff's attorney stated in an affidavit that, prior to the filing of Plaintiff's complaint, he contacted William E. Grantmyre (Mr. Grantmyre), an attorney for the Public Staff of the Commission. Conversations and emails between Plaintiff's attorney and Mr. Grantmyre were documented in Mr. Grantmyre's affidavit and show that Plaintiff's attorney asked Mr. Grantmyre whether the Commission "regulated sanitary districts, and specifically, the North Brunswick Sanitary District." Mr. Grantmyre informed Plaintiff's

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

attorney that, "to [his] knowledge the Commission did not regulate sanitary districts, but [he] was unable to explain to [Plaintiff's attorney] why the Commission did not regulate sanitary districts." Mr. Grantmyre and Plaintiff's attorney discussed the definition of and exceptions to the term "public utility" as set out in N.C. Gen. Stat. § 62-3(23)(a)(2) and N.C. Gen. Stat. § 62-3(23)(d). Mr. Grantmyre and Plaintiff's attorney also discussed that N.C. Gen. Stat. § 62-3(23)(d) did "not state a specific exception for sanitary districts[.]"

Mr. Grantmyre also informed Plaintiff's attorney that "exemptions to Commission regulation were frequently granted through Commission orders and decisions pursuant to N.C. Gen. Stat. § 62-110.5." Plaintiff's attorney asked Mr. Grantmyre if there were any records available to indicate an exemption to North Brunswick Sanitary District. Mr. Grantmyre provided Plaintiff's attorney with a copy of a "November 22, 1988, Docket No. W-279, Sub 19 Commission Order[.]" This order stated that "Leland Sanitary District is an 'owner exempt from regulation.'" Plaintiff's attorney was not satisfied with this order because the exemption language appeared in the factual recital portion of the order rather than in the decretal portion of the order. Plaintiff's attorney asked Mr. Grantmyre for an original order exempting the Leland Sanitary District from regulation. Mr. Grantmyre was unable to find such an order.

After the filing of Plaintiff's complaint, Defendant's attorney informed Plaintiff's attorney that sanitary districts were not regulated by the Commission and attempted to provide proof of this assertion. Prior to Defendant's filing a motion to dismiss and a motion seeking attorneys' fees and sanctions, Defendant's attorney also gave Plaintiff's attorney an opportunity to dismiss Plaintiff's claim.

Defendant did file a motion to dismiss on 16 March 2010, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). In its motion, Defendant alleged that Plaintiff had failed to state a claim on which relief could be granted because Defendant was "a corporate and body politic of the State of North Carolina organized and existing pursuant to N.C.G.S. § 130A-47 *et seq.* and thus not regulated by the [] Commission." Pursuant to N.C. Gen. Stat. § 6-21.5 and § 75-16.1, Defendant also filed a motion for attorneys' fees and sanctions on 16 March 2010, for the same reasons stated in its motion to dismiss.

The trial court entered an order granting Defendant's motion to dismiss on 7 May 2010, agreeing with Defendant's reasoning and dismissing Plaintiff's complaint "since all of Plaintiff's contentions hinge

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

on whether or not sanitary districts are regulated by the Utilities Commission[.]" The trial court also entered an order on 7 May 2010, granting Defendant's motion for attorneys' fees, again stating that Defendant was not regulated by the Commission. The trial court's order granting Defendant's motion for attorneys' fees concluded that "there was a complete absence of a justiciable issue of either law or fact raised in [Plaintiff's] complaint[,]" and awarded Defendant $3,395.00 in attorneys' fees, plus interest and the costs of the action. Plaintiff appeals.

## Discussion

Plaintiff argues the trial court erred in granting Defendant's motion to dismiss and Defendant's motion for attorneys' fees. Plaintiff contends its complaint stated a claim upon which relief can be granted and that, because Defendant is a "public utility" as defined by N.C. Gen. Stat. § 62-3(23)a and is not excepted or exempted from regulation by the Commission, Plaintiff did raise a justiciable issue. We disagree.

### I. Motion to Dismiss

[1] Plaintiff argues the trial court erred in granting Defendant's motion to dismiss because Plaintiff's complaint "allege[d] that Defendant is a public utility, [and] is not exempt from regulation by the [Commission.]" Plaintiff contends that sanitary districts such as Defendant are "public utilities," as defined by N.C. Gen. Stat. § 62-3(23)(a) and therefore are subject to regulation by the Commission. Assuming Plaintiff's allegation is correct, Defendant would then be subject to the Commission's regulation of late charges pursuant to N.C. Admin. Code tit. 4, r. 11.R12-9 which requires that "[n]o utility shall apply a late payment, interest, or finance charge to the balance in arrears at the rate of more than 1% per month." N.C. Admin. Code tit. 4, r. 11.R12-9 (June 2010). Plaintiff claims that Defendant is not subject to an exception from regulation pursuant to N.C. Gen. Stat. § 62-3(23)(d). We disagree.

Our Court has held that the standard of review for an order granting a motion to dismiss pursuant to Rule 12(b)(6) is

whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper "when one of the following three conditions is satisfied: (1) the complaint on its

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." On appeal of a 12(b)(6) motion to dismiss, this Court "conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."

*Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428-29 (2007) (citations omitted). "A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim, or in the disclosure of some fact that will necessarily defeat the claim." *O'Neill v. Bank*, 40 N.C. App. 227, 232, 252 S.E.2d 231, 235 (1979).

In the present case, the trial court stated in its order granting Defendant's motion to dismiss that, "after reviewing the pleadings and receiving arguments of counsel," the trial court determined that Defendant was "not regulated by the [Commission]." In its arguments, Defendant relies heavily on *Paper Co. v. Sanitary District*, 232 N.C. 421, 61 S.E.2d 378 (1950), to assert that sanitary districts are not public utilities regulated by the Commission.

In *Paper Co.*, the plaintiff sought an injunction against a sanitary district to prevent it from ceasing to supply water to the plaintiff because of the demands of a prior contract with a third party. *Id.* In determining the validity of the contract between the sanitary district and the third party, our Supreme Court observed that sanitary districts are "*quasi*-municipal corporation[s], . . . which [are] not under the control or supervision of the North Carolina Utilities Commission as to services or rates." *Id.* at 428, 61 S.E.2d at 383. *Paper Co.* does not define a "*quasi*-municipal corporation," but our Supreme Court has held that quasi-municipal corporations are entities that governments use to "perform ancillary functions in government more easily and perfectly . . . because of their character, special personnel, skill and care." *Airport Authority v. Johnson*, 226 N.C. 1, 9, 36 S.E.2d 803, 809 (1946).

Plaintiff argues that *Paper Co.* is not controlling in the present case because *Paper Co.* was decided based upon the language of a statute that has now been repealed and superseded. As currently defined by N.C. Gen. Stat. § 62-3, a "public utility" is

a person, whether organized under the laws of this State or under the laws of any other state or country, now or hereafter owning or operating in this State equipment or facilities for:

IN THE COURT OF APPEALS 559

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

. . . .

2. Diverting, developing, pumping, impounding, distributing or furnishing water to or for the public for compensation[.]

N.C. Gen. Stat. § 62-3(23)(a)(2) (2009). This statute further lists a number of exceptions including that "[t]he term 'public utility,' except as otherwise expressly provided in this Chapter, shall not include a municipality[.]" N.C.G.S. § 62-3(23)(d). " 'Municipality' means any incorporated community, whether designated in its charter as a city, town, or village." N.C.G.S. § 62-3(19).

In 1950, when *Paper Co.* was decided, N.C. Gen. Stat. § 62-65, entitled "Definitions," made no mention of an exception for municipalities. Instead, the 1950 version of N.C. Gen. Stat. § 62-30 listed the supervisory powers of the Commission and stated that the

Utilities Commission shall have general supervision over rates charged and the service given, as follows, to wit:

. . . .

(3) By electric light, power, water, and gas companies, pipe lines originating in North Carolina for the transportation of petroleum products, and corporations, other than such as are *municipally owned or conducted[.]*

N.C. Gen. Stat. § 62-30 (1950) (emphasis added). The current version of the statute, N.C. Gen. Stat. § 62-32, is entitled: "Supervisory powers; rates and service" and does not include the same language. It merely states that: "Under the rules herein prescribed and subject to the limitations hereinafter set forth, the Commission shall have general supervision over the rates charged and service rendered by all public utilities in this State." N.C. Gen. Stat. § 62-32 (2009). The language now defining and excepting "public utilities" is included in the current N.C.G.S. § 62-3(23).

Plaintiff contends that, while *Paper Co.* stated that sanitary districts are "*quasi*-municipal corporation[s], . . . which [are] not under the control or supervision of the North Carolina Utilities Commission as to services or rates," *Paper Co.* is no longer binding. *Paper Co.*, 232 N.C. at 428, 61 S.E.2d at 383. Plaintiff argues that the determination in *Paper Co.* is based on the language "municipally owned or conducted," which has been removed from the current statutes and replaced with the word "municipality." N.C.G.S. § 62-30(3); compare N.C.G.S. § 62-3(23)(d). Therefore, Plaintiff argues that *Paper Co.* is no

560          IN THE COURT OF APPEALS

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

longer controlling given the current statutes, and that sanitary districts are no longer excepted from Commission regulation.

However, a closer reading of *Paper Co.* reveals that the Supreme Court makes no mention of the language "municipally owned or conducted" in its determination; nor does it assert that sanitary districts are "municipalities." Instead, the Supreme Court explicitly stated in *Paper Co.* that sanitary districts are *"quasi*-municipal corporation[s],. . . which [are] not under the control or supervision of the North Carolina Utilities Commission as to services or rates." *Paper Co.*, 232 N.C. at 428, 61 S.E.2d at 383.

Our Supreme Court has held that "[t]he cardinal rule of statutory construction is that legislative intent controls. In seeking to ascertain this intent, courts should consider the language of the statute, the spirit of the Act and what the statute seeks to accomplish." *Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 196, 347 S.E.2d 814, 817 (1986). When the exception in the statutes was changed from "municipally owned or conducted" to read only "municipality," the exception was not altered so as to invalidate *Paper Co.* because the changed phrasing was not the dispositive language on which the decision in *Paper Co.* was based. Plaintiff has failed to show that the modification in the wording of the statute invalidates the *Paper Co.* decision. Contrary to Plaintiff's assertion, we hold that the change in statutory language was not intended to include "quasi-municipal corporations" or sanitary districts within the Commission's supervisory purview. Applying the factors for determining legislative intent outlined in *Derebery* to the case before us, there is no suggestion that the General Assembly intended to change the meaning of the statute to exclude sanitary districts. Therefore, *Paper Co.* continues to be valid and binding and sanitary districts are "not under the control or supervision of the North Carolina Utilities Commission as to services or rates." *Paper Co.*, 232 N.C. at 428, 61 S.E.2d at 383. Thus, the trial court properly granted Defendant's motion to dismiss in that Plaintiff failed to present a claim upon which relief could be granted because "the complaint on its face reveals that no law supports the plaintiff's claim." *Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 428-29.

## II. Attorneys' Fees

**[2]** Plaintiff next argues that the trial court erred in awarding attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5, because Plaintiff's complaint "raised justiciable issues of law and fact[.]" We disagree.

N.C. Gen. Stat. § 6-21.5 (2009) states that

WAYNE ST. MOBILE HOME PARK, LLC v. N. BRUNSWICK SANITARY DIST.

[213 N.C. App. 554 (2011)]

[i]n any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as . . . a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) . . . is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award.

In reviewing an order granting a motion for attorneys' fees pursuant to N.C.G.S. § 6-21.5, "[t]he presence or absence of justiciable issues in pleadings is . . . a question of law that this Court reviews *de novo*." *Free Spirit Aviation v. Rutherford Airport*, —— N.C. App. ——, ——, 696 S.E.2d 559, 563 (2010) (citation omitted). "The decision to award or deny attorney's fees under Section 6-21.5 is a matter left to the sound discretion of the trial court." *Persis Nova Constr., Inc. v. Edwards*, 195 N.C. App. 55, 67, 671 S.E.2d 23, 30 (2009). Therefore, we review the trial court's order granting attorneys' fees for abuse of discretion. *Id.* at 65, 671 S.E.2d at 29.

" 'A justiciable issue has been defined as an issue that is "real and present as opposed to imagined or fanciful." ' " *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991) (citations omitted). "In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss." *K & K Development Corp. v. Columbia Banking Fed. Savings & Loan*, 96 N.C. App. 474, 479, 386 S.E.2d 226, 229 (1989) (citation omitted).

Under this deferential review of the pleadings, a plaintiff must either: (1) "reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue;" or (2) be found to have "persisted in litigating the case after the point where [Plaintiff] should reasonably have become aware that [the] pleading [Plaintiff] filed no longer contained a justiciable issue."

*Credigy Receivables, Inc. v. Whittington*, —— N.C. App. ——, ——, 689 S.E.2d 889, 895, *disc. review denied*, 364 N.C. 324, 700 S.E.2d 748 (2010) (citation omitted).

Plaintiff argues that, because the trial court's order granting Defendant's motion to dismiss should be reversed, so should the award of attorneys' fees. As we have decided the trial court did not err in granting Defendant's motion to dismiss, Plaintiff's argument is without merit.

Plaintiff also argues that the award of attorneys' fees should be reversed because Plaintiff's complaint "certainly raises justiciable issues of law and fact." In support of this argument, Plaintiff cites discussions between its attorney and Defendant's attorney concerning the existence of an order exempting Defendant from the Commission's supervisory powers. Plaintiff contends that "[i]t is reasonable to assume if an Order and Decision exempting Defendant from regulation had been entered, either the [Commission] or Defendant would be able to locate it." Plaintiff further states that "if Defendant has not obtained such an exemption, it has charged and collected unlawful late fees and is liable to Plaintiff as a matter of law." We disagree. Plaintiff's argument misses the mark because it is predicated on a determination that sanitary districts are subject to the Commission's supervisory powers—a determination that we have rejected. Because we have held that Defendant, as a sanitary district, is not a "public utility" for the purposes of Commission regulation, Plaintiff's argument is without merit. *Paper Co.* has not been overruled, nor have the intervening statutory changes invalidated it. *Paper Co.* is therefore still binding and controlling law on this issue, and this Court finds that Plaintiff did not present a justiciable issue. Therefore, in light of the absence of a justiciable issue, the trial court did not abuse its discretion in awarding Defendant attorneys' fees.

Affirmed.

Chief Judge MARTIN and Judge McCULLOUGH concur.