HUNTER, JR., ROBERT N., Judge.
 

 *96
 
 Defendants appeal an order awarding Plaintiffs attorneys fees, costs, and litigation expenses on the grounds that their claims presented justiciable issues contemplated by N.C. Gen.Stat. § 6-21.5. Defendants request we reverse the trial court. In addition, the Plaintiffs have requested that this Court award fees for filing a frivolous appeal. For the following reasons, we affirm in part, reverse in part, and remand the case to the trial court to take further action consistent with this opinion.
 

 I. Factual and Procedural Background
 

 Our Court previously reviewed the legal merits of this boundary line dispute in
 
 McLennan v. Josey,
 

 234 N.C.App. 45
 
 ,
 
 758 S.E.2d 888
 
 (2014). In the first appeal, after
 
 de novo
 
 review this Court affirmed the trial court's summary judgment holding Plaintiffs had established superior record title to the
 
 res
 
 in question and Defendants' parol evidence to the contrary was inadmissible.
 
 Id.
 
 at 48-49,
 
 758 S.E.2d at 891-892
 
 . Because Defendants' evidence did not meet their burden of proof to show their ownership was superior, we held no genuine issue of material fact existed as to the location of the boundary line between Plaintiffs' and Defendants' property.
 
 Id.
 
 at 50,
 
 758 S.E.2d at 892
 
 .
 

 On 24 July 2013, during the pendency of the first appeal, Plaintiffs filed a Motion to Tax Costs, Including Reasonable Attorney's Fees and Expenses in trial court. In support of their motion, Plaintiffs attached a list of legal services rendered and associated legal fees dating back from 17 May 2010, totaling $112,740.00. Plaintiffs also attached a list of disbursements, including court costs totaling $3,458.38, and fees associated with expert witnesses totaling $24,708.86. Additionally, Plaintiffs attached affidavits attesting to the reasonableness of the fees.
 

 Following our decision in the first appeal, Plaintiffs filed a Supplement to their Motion to Tax Costs on 17 October 2014. In support
 
 *147
 
 of their motion, Plaintiffs attached invoices related to the appeal totaling
 
 *97
 
 $55,660.00 IN ATTORNEYS FEES AND $1,130.18 for out of pocket expenses and court costs.
 

 On 15 December 2014, the trial court entered an order taxing costs and reasonable attorneys fees to Defendants. The trial court concluded:
 

 A. Plaintiffs are entitled as a matter of law to recover the costs incurred in this action in the sum of $3,716.25.
 

 B. The court has the authority to award reasonable attorneys fees and out of pocket expenses to Plaintiffs in this case pursuant to N.C. Gen.Stat. § 6-21.5 (2014).
 

 C. The court concludes as a matter of law that plaintiffs' reasonable attorneys fees and litigation expenses incurred as a result of the complete absence of a justiciable issue of either law or fact raised by Defendants in any pleading total $215,828.12.
 

 Defendants filed a written notice of appeal on 13 January 2015, contesting the order awarding costs and attorneys fees. On 14 August 2015, Plaintiffs filed a motion seeking sanctions against Defendants for pursuing a frivolous appeal. Defendants filed a reply brief 19 August 2015. The Clerk of the North Carolina Court of Appeals referred Plaintiffs' motion to this panel on 31 August 2015.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court from a final order of a superior court pursuant to N.C. Gen.Stat. § 7A-27.
 

 III. Standard of Review
 

 Our decision requires we apply differing standards of review to the questions arising from the lower court's award. We decide these issues consecutively.
 

 First, we must determine whether or not the Plaintiffs presented a justiciable issue in their pleadings. Our case law has held that "[i]n reviewing an order granting a motion for attorneys' fees pursuant to N.C. Gen.Stat. § 6-21.5, '[t]he presence or absence of justiciable issues in the pleadings is ... a question of law that this Court reviews
 
 de novo.
 
 ' "
 
 Wayne St. Mobile Home Park, LLC v. N. Brunswick Sanitary Dist.,
 

 213 N.C.App. 554
 
 , 561,
 
 713 S.E.2d 748
 
 , 753 (2011) (citing
 
 Free Spirit Aviation v. Rutherford Airport,
 

 206 N.C.App. 192
 
 , 197,
 
 696 S.E.2d 559
 
 , 563 (2010) ).
 

 *98
 
 Second, "[t]he [trial court's] decision to award or deny attorney's fees under [s]ection 6-21.5 is a matter left to the sound discretion of the trial court."
 
 Persis Nova Constr., Inc. v. Edwards,
 

 195 N.C.App. 55
 
 , 67,
 
 671 S.E.2d 23
 
 , 30 (2009). "An abuse of discretion occurs when a decision is 'either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.' "
 
 Egelhof ex rel. Red Hat, Inc. v. Szulik,
 

 193 N.C.App. 612
 
 ,
 
 668 S.E.2d 367
 
 (2008) (citing
 
 Country Club of Johnston Cty., Inc. v. U.S. Fidelity & Guar. Co.,
 

 150 N.C.App. 231
 
 , 248,
 
 563 S.E.2d 269
 
 , 280 (2002) ).
 

 Next, we examine the award of costs and expenses to the prevailing party. "Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law...."
 
 Peters v. Pennington,
 

 210 N.C.App. 1
 
 , 25,
 
 707 S.E.2d 724
 
 , 741 (2011). We therefore review the trial court's interpretation
 
 de novo.
 
 However, the "reasonableness and necessity" of costs is reviewed for abuse of discretion.
 
 Id.
 
 at 26,
 
 707 S.E.2d at 741
 
 .
 

 IV. Analysis
 

 A. Attorneys Fees
 

 In North Carolina, parties to litigation are generally responsible for their own attorneys fees unless a statute provides otherwise.
 
 Hicks v. Albertson,
 

 284 N.C. 236
 
 , 238,
 
 200 S.E.2d 40
 
 , 42 (1973). Statutes awarding attorneys fees to prevailing parties are "in derogation of the common law" and therefore must be strictly construed.
 
 Sunamerica Financial Corp. v. Bonham,
 

 328 N.C. 254
 
 , 256,
 
 400 S.E.2d 435
 
 , 437 (1991).
 

 N.C. Gen.Stat. § 6-21.5 states, "... the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen.Stat. § 6-21.5 (2015). Fees related to an appeal to this Court or to the North Carolina Supreme Court are not recoverable under
 
 *148
 
 N.C. Gen.Stat. § 6-21.5. See
 
 Hill v. Hill,
 

 173 N.C.App. 309
 
 , 318,
 
 622 S.E.2d 503
 
 , 509 (2005). The purpose behind N.C. Gen.Stat. § 6-21.5 is to "discourage frivolous legal action."
 
 Short v. Bryant,
 

 97 N.C.App. 327
 
 , 329,
 
 388 S.E.2d 205
 
 , 206 (1990).
 

 A justiciable issue is one that is "real and present, as opposed to imagined or fanciful."
 
 Sunamerica,
 

 328 N.C. at 257
 
 ,
 
 400 S.E.2d at 437
 
 (citations omitted). "In order to find a complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions
 
 *99
 
 for summary judgment or to dismiss."
 
 K & K Development Corp. v. Columbia Banking Fed. Savings & Loan,
 

 96 N.C.App. 474
 
 , 479,
 
 386 S.E.2d 226
 
 , 229 (1989) (citations omitted). "Under this deferential review of the pleadings, a plaintiff must either: (1) 'reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue'; or (2) be found to have 'persisted in litigating the case after the point where [he] should reasonably have become aware that pleading [he] filed no longer contained a justiciable issue.' "
 
 Credigy Receivables, Inc. v. Whittington,
 

 202 N.C.App. 646
 
 , 655,
 
 689 S.E.2d 889
 
 , 895 (2010) (citing
 
 Brooks v. Giesey,
 

 334 N.C. 303
 
 , 309,
 
 432 S.E.2d 339
 
 , 342 (1993) );
 
 see also
 

 Sunamerica,
 

 328 N.C. 254
 
 at 258,
 
 400 S.E.2d at 438
 
 . A trial court must make one or both of these findings to support its award of section 6-21.5 attorneys fees.
 
 See
 

 Sunamerica,
 

 328 N.C. 254
 
 at 260,
 
 400 S.E.2d at 439
 
 ("[A trial court] shall make findings of fact and conclusions of law to support its award of attorneys' fees.").
 

 The granting or denial of a motion for summary judgment is "not in itself a sufficient reason for the court to award attorney's fees." N.C. Gen.Stat. § 6-21.5 (2015). However, granting a Rule 12(b)(6) motion or entering summary judgment may be evidence that a pleading lacks a justiciable issue.
 
 Sunamerica,
 

 328 N.C. 254
 
 at 259,
 
 400 S.E.2d at 439
 
 . Moreover, "action by the losing party which perpetuated litigation in the face of events substantially establishing that the pleadings no longer presented a justiciable controversy may also serve as evidence for purposes of 6-21.5."
 
 Id.
 
 at 259,
 
 400 S.E.2d at 439
 
 .
 

 Defendants argue that they presented a justiciable issue in their counterclaim, contending they were the fee simple owners of the property at issue and that they did so in good faith. Additionally, Defendants point out the award of attorneys fees includes $55,660.00 for "responding to Defendants' appeal" as well as attorneys fees for another case between the parties, 11-CVS-973. Defendants contend the fees related to the appeal and case number 11-CVS-973 were erroneously awarded. We address each of Defendants' arguments in turn.
 

 To review whether attorneys fees are proper, we first determine whether the pleadings contained a justiciable issue. The trial court made the following findings related to whether the pleadings contained a justiciable issue:
 

 2. Defendants knew at the time they recorded the map in 2009 that the deed descriptions in the deeds by which Defendants acquired their property excluded the more than two hundred acres belonging to Plaintiffs.
 

 *100
 
 3. Defendants' deeds stated that their titles were subject to a 1909 deed by Defendants' predecessors in title to Wilts Veneer Company that described by metes and bounds the location of the boundary between their property and Plaintiffs' adjoining property in a different location than that shown on the 2009 map Defendants recorded.
 

 4. Before Plaintiffs filed the Complaint in this case in 2010 Defendants had a copy of the recorded 1918 boundary survey of Plaintiffs' property showing the more than two hundred acres was owned by Plaintiffs' predecessor in title.
 

 5. The Complaint filed by Plaintiffs in the summer of 2010 includes references to recorded maps and deeds describing the boundary on the ground between their property and Defendants' property.
 

 Thus, the trial court's order contains the necessary findings to support its award of attorneys fees. We note that the Defendants did not challenge these factual findings on
 
 *149
 
 appeal as unsupported by competent evidence. It is unlikely that such a challenge could be made, since the matters establishing a title are contained in the county register of deeds vaults. Questions of title are questions of law and where the law is settled in regard to titles, the law of this case is that the Defendants submitted no admissible evidence to meet their burden. This result was foreseeable from the title records and routine application of settled law. We agree with the trial court that the counterclaim contained no justiciable issue at the time it was filed.
 

 Defendants relied on a map recorded in 2010 and subsequent deeds to determine the location of Gaynor's Gut, the boundary between Plaintiffs' and Defendants' land. As this Court reasoned in the previous appeal:
 

 [D]efendants present no evidence by way of deeds in their chain of title to establish their superior claim to the disputed land. Moreover, defendants' recorded map in 2010 and subsequent deeds using the map's boundary description to convey the disputed land are junior to the 1909 and 1918 documents that describe the run of Gaynor's Gut. Thus, the descriptions found in the 1909 and 1918 documents control.
 

 McLennan v. Josey,
 

 234 N.C.App. 45
 
 , 49,
 
 758 S.E.2d 888
 
 , 892 (2014). Moreover, as the trial court pointed out in finding number 3, Defendants' deeds made reference to the 1909 deed, alerting Defendants to the
 
 *101
 
 existence of the deed prior to filing their counterclaim. Plaintiffs' Complaint also referenced the 1909 deed as well as a 1918 map, informing Defendants of their existence prior to filing their counterclaim.
 

 Defendants' 2010 map is based on a survey obtained by Defendants. Surveyors have a duty to always check the county records in which the land is located. Walter G. Robillard & Lane J. Bouman,
 
 Clark on Surveying and Boundaries
 
 119 (7th Ed.1997). Thus, in a routine title search, the senior documents should have been discovered by a surveyor or attorney prior to the drafting of the 2010 survey. As a rule of surveying "no following surveyor may establish new corners or lines or correct erroneous surveys of the earlier surveyors," the run of Gaynor's Gut in the senior deeds and maps controls.
 
 Id.
 
 at 23 (emphasis removed from original). Therefore, after our
 
 de novo
 
 review of the pleadings, we hold the pleadings lacked a justiciable issue.
 

 Since the trial court properly held the pleadings lacked a justiciable issue pursuant to N.C. Gen.Stat. § 6-21.5, it is within the trial court's discretion whether to award attorneys fees.
 
 See
 

 Persis Nova Constr.,
 

 195 N.C.App. at 67
 
 ,
 
 671 S.E.2d at 30
 
 . Although the order does not explicitly state why the court exercised its discretion we hold that it was in furtherance of the policy of the statute to discourage frivolous litigation. As the prevailing party, Plaintiffs are entitled to attorneys fees at the discretion of the trial court. The court had authority pursuant to N.C. Gen.Stat. § 6-21.5 to award Plaintiffs attorneys fees, and made the required findings to support such an award. Therefore, we hold the trial court did not abuse its discretion in awarding attorneys fees under N.C. Gen.Stat. § 6-21.5 to Plaintiffs.
 

 Finally, we review the trial court's award of attorneys fees to determine whether they were authorized under the statute. Within the award of attorneys fees, the trial court awarded $55,898.18 for "responding to Defendants' appeal." Defendants argue attorneys fees may not be awarded under N.C. Gen.Stat. § 6-21.5 for appeals to this Court.
 
 See
 

 Hill,
 

 173 N.C.App. at 318
 
 ,
 
 622 S.E.2d at 509
 
 . We agree. Because attorneys fees related to an appeal are not recoverable under N.C. Gen.Stat. § 6-21.5, we hold any fees connected with the appeal were awarded in error.
 

 Defendants also claim a portion of the awarded attorneys fees are related to another case between the parties, case number 11-CVS-973. Defendants specifically point to entries on the attorneys fees invoices for drafting a complaint in August 2011. Plaintiffs filed the Complaint in the case appealed to this Court on 27 August 2010, approximately one year earlier than the invoice entry in question.
 

 *102
 
 In its order taxing costs and reasonable attorneys fees, the trial court specifically allowed attorneys fees for both cases by finding:
 

 *150
 
 22. The legal services in preparing pleadings in 2011 to add additional claims for relief by amendment to the pleadings in this case or by the filing of a companion law suit, being strategic in nature and designed to litigate all issues raised by Defendants' actions at the same time, were related to the prosecution of this civil action and the attorney's fees and litigation expenses incurred are properly recoverable in this action.
 

 However, the motion to consolidate the cases was denied. Further, no final judgment or order from case 11-CVS-973 was appealed to this Court.
 

 N.C. Gen.Stat. § 6-21.5 allows a court to award "a reasonable attorney's fee
 
 to the prevailing party.
 
 " N.C. Gen.Stat. § 6-21.5 (2015) (emphasis added). The record on appeal does not contain the final result of the other case nor is that case before this Court. Should Plaintiffs be successful in the other case and should that case also lack a justiciable issue, then Plaintiffs may pursue attorneys fees separately for that case. Unfortunately, based on the record, we cannot distinguish between fees charged for the case on appeal and fees charged for 11-CVS-973. Therefore, we remand this issue to the trial court to limit the fees applicable to this case.
 

 B. Costs and Litigation Expenses
 

 Defendants contend N.C. Gen.Stat. § 6-21.5 only allows an award of attorneys fees, not costs. However, costs are allowed as of course in actions "for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial." N.C. Gen.Stat. § 6-18 (2015). Even so, Defendants contend that "numerous items the trial court ordered to be paid have been held not to be recoverable."
 

 N.C. Gen.Stat. § 7A-305(d) provides a "complete and exclusive ... limit on the trial court's discretion to tax costs." The statute allows for the "reasonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings." N.C. Gen.Stat. § 7A-305(d)(11) (2015). In light of the North Carolina Supreme Court's recent decision in
 
 Lassiter ex rel. Baize v. North Carolina Baptist Hospitals, Inc.,
 
 expert witness fees are taxable as costs even though the expert was not compelled by subpoena.
 

 *103
 

 Lassiter ex rel. Baize v. North Carolina Baptist Hospitals, Inc.,
 

 368 N.C. 367
 
 , 378-379,
 
 778 S.E.2d 68
 
 , 75-76 (2015).
 

 The trial court order includes "$26,283.49 in reasonable and necessary litigation expenses" without explanation of what the total includes. Defendants contend this contains expert fees in the amount of $24,708.86, including preparation time for trial. Plaintiffs acknowledge the use of experts in the case, but do not specify whether expert fees were included in the costs or litigation expenses awarded by the trial court order. Thus, we remand this issue to the trial court to make additional findings of fact regarding costs and litigation expenses consistent with this opinion and the Supreme Court opinion.
 

 C. Motion for Sanctions
 

 Plaintiffs contend Defendants are currently pursuing a frivolous appeal before this Court. As such, Plaintiffs seek sanctions against Defendants under N.C. R.App. P. 34 to reimburse Plaintiffs for attorneys fees and costs incurred during this appeal. Pursuant to Rule 34, this Court may impose sanctions against an appellant where "the appeal was not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."
 
 ACC Const., Inc. v. SunTrust Mortg., Inc.,
 
 --- N.C.App. ----, ----,
 
 769 S.E.2d 200
 
 , 213-214 (2015).
 

 Here, the appeal was well grounded in existing law. In fact, Defendants succeeded in arguing a portion of the attorney's fees were granted in error. Moreover, Defendants pointed to potential problems in the award of costs and litigation expenses. Thus, we deny Plaintiffs' motion for sanctions.
 

 V. Conclusion
 

 For the foregoing reasons, we affirm in part, reverse in part, and remand the award of attorneys fees pursuant to N.C. Gen.Stat. § 6-21.5. We also remand the award of costs
 
 *151
 
 for further findings consistent with this opinion.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 Judges GEER and DILLION concur.