IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1424

Filed: 18 September 2018

Forsyth County, No. 16-CVS-2377

BURTON CONSTRUCTION CLEANUP & LANDSCAPING, INC. and CHARLES
BURTON, Plaintiffs,

v.

OUTLAWED DIESEL PERFORMANCE, LLC, and WILLIAM DANIEL BROWN,
and GRANT BROWN, Defendants.

Appeal by plaintiffs from judgment entered 1 September 2017 by Judge Susan

E. Bray in Forsyth County Superior Court. Heard in the Court of Appeals 9 August

2018.

*Smith Law Group, PLLC, by Matthew L. Spencer, for plaintiffs-appellants.*

*Bennett & Guthrie, P.L.L.C., by Joshua H. Bennett, for defendants-appellees.*

BERGER, Judge.

Burton Construction Cleanup & Landscaping, Inc. and Charles Burton

(collectively "Plaintiffs") appeal from a directed verdict judgment entered September

1, 2017 in favor of Outlawed Diesel Performance, LLC, William Daniel Brown, and

Grant Brown (collectively "Defendants"). Plaintiffs assert that the trial court erred

by (1) denying their motion for summary judgment which was filed and heard prior

to trial, (2) granting Defendants' motion for directed verdict, and (3) granting

Defendants' motion for costs and attorney's fees. We disagree.

Factual and Procedural Background

On April 27, 2016, Plaintiffs filed a complaint in Forsyth County Superior Court against Defendants. The complaint was related to repairs Defendants were to undertake on a vehicle owned by Plaintiffs. Plaintiffs alleged that they were initially provided an estimate of $5,300.00 for the repairs, but Defendants submitted a bill in the amount of $8,258.21 for work performed on the vehicle. Defendants refused to release the vehicle until full payment was made by Plaintiffs.

Plaintiffs eventually obtained the vehicle, but had concerns about the quality of work done. Plaintiffs had the vehicle towed to a local dealership for inspection. Plaintiffs claimed that many of the repairs had not been completed.

Defendants filed a motion for summary judgment on April 21, 2017. Defendants' motion was denied, and the case was tried in Forsyth County Superior Court in May 2017. At trial, Plaintiff Charles Burton admitted that he lied in an affidavit concerning the condition of the vehicle, and Plaintiffs were also unable to provide evidence of damages to support their claims. The trial court entered a directed verdict in favor of Defendants as to all of Plaintiffs' claims for relief. In deciding Defendants' counterclaims, the jury found that Plaintiffs failed to perform as required by the contract, and awarded Defendants the sum of $5,677.03.

On June 2, 2017, Defendant filed a motion for attorney's fees and costs, accompanied with an affidavit by a Forsyth County attorney attesting to the skill

level required to handle this type of civil case and the customary hourly rate for comparable attorneys in Forsyth County. There was also attached to the motion an affidavit from attorney Joshua H. Bennett attesting to the time he dedicated to Defendants' case, his hourly rate, and the total expense incurred by Defendants in legal fees defending Plaintiffs' claims through entry of the directed verdict.

The trial court ordered Plaintiffs to pay costs associated with mediation in the amount of $495.00, and awarded $21,692.50 in attorneys' fees. (R p 124) Plaintiffs appeal.

## Analysis

Initially, we note that Plaintiffs are not entitled to appellate review of the trial court's denial of their motion for summary judgment. Plaintiffs have failed to include a copy of the order denying summary judgment in the record on appeal, which precludes review by this Court. N.C.R. App. 9(a)(1)(h); *see also Beneficial Mtge. Co. v. Peterson*, 163 N.C. App. 73, 79, 592 S.E.2d 724, 728 (2004) ("The omission from the record on appeal of any order denying summary judgment thus precludes review.").

Even if Plaintiffs' motion for summary judgment was improperly denied, a trial court's ruling

> [on] a motion for summary judgment is not reversible error when the case has proceeded to trial and has been determined on the merits by the trier of the facts, either judge or jury.
>
> To grant a review of the denial of the summary judgment motion after a final judgment on the merits

would mean that a party who prevailed at trial after a complete presentation of evidence by both sides with cross-examination could be deprived of a favorable verdict. This would allow a verdict reached after the presentation of all the evidence to be overcome by a limited forecast of the evidence. In order to avoid such an anomalous result, we hold that the denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in a trial on the merits.

*WRI/Raleigh, L.P. v. Shaikh*, 183 N.C. App. 249, 252, 644 S.E.2d 245, 246-47 (2007) (*purgandum*[1]). Therefore we cannot consider Plaintiffs' argument concerning the trial court's denial of their motion for summary judgment, and it is dismissed.

Additionally, Plaintiffs have declined to include a transcript of the trial court proceedings in the record.[2] "The burden is on the appellant to commence settlement of the record on appeal, including providing a verbatim transcript if available." *Li v. Zhou*, ___ N.C. App. ___, ___, 797 S.E.2d 520, 524 (2017) (purgandum). Plaintiffs' failure to include the transcript is fatal to their arguments on appeal concerning entry of directed verdict by the trial court.

"The standard of review of directed verdict is whether the evidence, taken in

---

[1] Our shortening of the Latin phrase "*Lex purgandum est.*" This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use *purgandum* to mean simply that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.

[2] Counsel for Plaintiffs included as part of the record a copy of a letter he sent counsel for Defendants dated December 20, 2017. The letter states in relevant part, "[w]e have not ordered, nor do we plan to order portions of the transcript to include with the record."

the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991) (citing *Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971)). In addition,

> in determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the non-movant's claim must be taken as true and considered in the light most favorable to the non-movant, giving the non-movant the benefit of every reasonable inference which may legitimately be drawn therefrom and resolving contradictions, conflicts, and inconsistencies in the non-movant's favor.

*Turner v. Duke Univ.*, 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989).

Without the benefit of a verbatim transcript, this Court is not able to conduct a review of the trial court's directed verdict to determine if the evidence was insufficient as Plaintiffs assert, and we must affirm the trial court. *See* N.C.R. App. P. 9(a) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule.").

Finally, Plaintiffs contend the trial court erred in granting Defendants' motion for attorney's fees and costs pursuant to N.C. Gen. Stat. §§ 6-21.5 and 75-16.1.

> In any civil action, . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a

general denial or the granting of . . . a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, . . . is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

N.C. Gen. Stat. § 6-21.5 (2017).

In determining if an award of costs and attorney's fees is proper under N.C.

Gen. Stat. § 6-21.5,

[f]irst, we must determine whether or not the Plaintiffs presented a justiciable issue in their pleadings. Our case law has held that "in reviewing an order granting a motion for attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5, the presence or absence of justiciable issues in the pleadings is a question of law that this Court reviews *de novo.*

Second, the trial court's decision to award or deny attorney's fees under section 6-21.5 is a matter left to the sound discretion of the trial court. An abuse of discretion occurs when a decision is either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.

Next, we examine the award of costs and expenses to the prevailing party. Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law. We therefore review the trial court's interpretation *de novo.* However, the reasonableness and necessity of costs is reviewed for abuse of discretion.

*McLennan v. Josey,* 247 N.C. App. 95, 97-98, 785 S.E.2d 144, 147 (2016) (*purgandum*).

The trial court found that Plaintiffs' claims were not justiciable. We agree.

> In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss. Under this deferential review of the pleadings, a plaintiff must either: (1) reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue; or (2) be found to have persisted in litigating the case after the point where he should reasonably have become aware that pleading he filed no longer contained a justiciable issue. Section 6-21.5 was enacted to discourage frivolous legal action and that purpose may not be circumvented by limiting the statute's application to the initial pleadings. Frivolous action in a lawsuit can occur at any stage of the proceeding and whenever it occurs is subject to the legislative ban.

*Credigy Receivables, Inc. v. Whittington*, 202 N.C. App. 646, 655, 689 S.E.2d 889, 895 (*purgandum*), *review denied,* 364 N.C. 324, 700 S.E.2d (2010).

Here, the trial court found that Plaintiffs had instituted an action against Defendants for failure to make necessary repairs which caused Defendants' vehicle to be undriveable. Plaintiffs subsequently filed a motion for summary judgment which included an affidavit by Plaintiff Charles Burton asserting the truck was undriveable and had sustained $22,750.00 in damages. The trial court specifically found, "[b]ased on the issues of fact surrounding Plaintiffs' damages, whether the truck was driveable or not, the Court denied Defendants' Motion for Summary Judgment on the issue of Plaintiffs' damages.".

Without the benefit of a verbatim transcript, we are only able to review the documents in the record, which include the trial court's directed verdict judgment

and the order for attorney's fees and costs. A review of the record establishes, at a minimum, that Plaintiffs persisted in litigating the case after the point where they should have reasonably been aware that the pleadings no longer contained a justiciable issue.

The trial court found that at trial, "Plaintiff Charles Burton admitted during cross-examination that he knew the truck was 'driveable' when it left Defendants' shop" and that his statement in the affidavit that the truck was "undriveable" was incorrect. The trial court also found that Plaintiffs' false affidavit was the only reason they were able to proceed to trial, and ultimately found Plaintiffs' claims to be frivolous and malicious. Moreover, the trial court found Plaintiffs were unable to prove their purported damages with any "reasonable certainty."

In awarding attorney's fees and costs, the trial court found

> An award of attorney's fees against the Plaintiffs in this case would not amount to sanctioning a party for pursuing a good faith claim simply because they ultimately did not prevail. In this case, the Plaintiffs knew or should have known before they instituted this action that they lacked – and could not obtain – evidence to support the crucial element of their claim that they had been damaged in any way by any act or omission of the Defendants. Plaintiffs provided the sworn affidavit of Plaintiff Burton to defeat summary judgment in which he claimed his truck was 'undriveable' when it left the Defendants' shop. However, under cross-examination at trial, Burton admitted that allegation – which was the basis for Plaintiffs' damages claim – was false.
>
> . . .

[T]he Plaintiffs' claim was not simply unmeritorious, but also frivolous and malicious under N.C.G.S. §75-16.1.

. . .

Defendants have provided evidentiary support indicating that their fees were reasonable, including the Affidavit of their lead counsel Joshua H. Bennet and the affidavit of . . . a leading litigator in Forsyth County and the surrounding area. . . .

The services performed by Bennett & Guthrie, PLLC on behalf of the Defendants in this litigation were highly skilled, reasonable[,] and necessary.

Bennett & Guthrie, PLLC attorneys, paralegals, and legal assistants worked a total of 116.9 hours and billed $21,692.50 during the defense of the litigation. The requested fees do not include any amounts that the Defendants incurred after the entry of directed verdict on May 23, 2017, including those fees incurred in the recovery of their attorney's fees and costs. This amount was appropriate, reasonable[,] and necessary.

Based upon the record before us, the trial court did not abuse its discretion by awarding attorney's fees and costs to Defendants.

In an action for unfair and deceptive trade practices,

the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or

(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C. Gen. Stat. § 75-16.1 (2017).

Again, based upon the findings of the trial court and the limited record before us, the trial court did not abuse its discretion by awarding attorney's fees to Defendants pursuant to N.C. Gen. Stat. §75-16.1.

## Conclusion

The trial court's directed verdict is affirmed. We affirm the award of attorney's fees and costs by the trial court because the Plaintiffs have failed to demonstrate the trial court abused its discretion.


AFFIRMED.

Judges DIETZ and TYSON concur.