IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-200

Filed 18 June 2025

Watauga County, No. 21 CVD 149

JULIANA CAULEY, Plaintiff,

v.

MICHAEL CAULEY, Defendant.

Appeal by Plaintiff from orders entered 7 August 2023 by Judge Hal G. Harrison in Watauga County District Court. Heard in the Court of Appeals 8 October 2024.

*King Law Offices, by Krista S. Peace and Patrick K. Bryan, for plaintiff-appellant.*

*Andrew C. Brooks, for defendant-appellee.*

STADING, Judge.

Juliana Cauley ("Plaintiff") appeals from orders granting Michael Cauley ("Defendant") attorney's fees and denying her Rule 59 and 60 motions. For the following reasons, we vacate the attorney's fees order and remand for further proceedings. We also vacate the trial court's order denying Plaintiff's Rule 59 and 60 motions.

## I. Background

This case has a complex procedural history. The action commenced when Plaintiff filed a complaint under Chapter 50B for a domestic violence protective order ("DVPO") against Defendant on 29 March 2021. Defendant filed an answer and counterclaims, but later voluntarily dismissed all counterclaims. Defendant later filed a separate action for child custody under Chapters 50 and 50A of the General Statutes.

With respect to the Chapter 50B action, on 29 March 2021, the trial court entered an order granting Plaintiff an *ex parte* DVPO. The trial court set the return hearing for 21 April 2021. Thereafter, the parties mutually agreed to continue the matter several times and leave the *ex parte* order in effect. On 27 October 2021, the trial court granted an additional continuance and scheduled a new court date of 3 December 2021. The record contains no indication that any action was taken on the new court date.

Nothing happened with Plaintiff's Chapter 50B action until she sought to revive the matter under N.C. Gen. Stat. § 1A-1, Rule 15 (2023) by requesting leave to amend her complaint on 5 January 2023, over a year after the last scheduled court date. In response, Defendant moved for attorney's fees and sanctions under N.C. Gen. Stat. §§ 1A-1, Rule 11, 50B-3(a)(10), and 6-21.5 (2023). The trial court granted Plaintiff's request for leave to amend her complaint but denied Defendant's requests for attorney's fees and sanctions on this occasion. Plaintiff filed her amended

complaint on 23 January 2023, and on 15 March 2023, Defendant filed an answer to the amended complaint, a motion to dismiss and again moved for sanctions as well as reasonable expenses and attorney's fees under N.C. Gen. Stat. §§ 1A-1, Rule 11, 50B-3(a)(10), and 6-21.5. On 23 May 2023, the trial court conducted a hearing and dismissed Plaintiff's complaint, having determined she "failed to prove grounds for issuance of a domestic violence protective order."

On 26 May 2023, Defendant moved for return of his weapons surrendered under the *ex parte* DVPO. The trial court conducted a hearing and ordered Defendant's weapons returned to him on 31 May 2023. On 20 July 2023, Plaintiff was served with Defendant's motion for attorney's fees and a notice of hearing, but "forgot to mark the hearing on her calendar." On 7 August 2023, the hearing for attorney's fees was scheduled but Plaintiff did not appear. The trial court awarded Defendant $21,105.00 in expenses and $75,258.00 in attorney's fees in an order citing N.C. Gen. Stat. §§ 50B-3(a)(10), 50A-312, and 50-13.6 (2023).

On 17 August 2023, Plaintiff moved the trial court, under Rules 59 and 60 of the North Carolina Rules of Civil Procedure, for a new trial, or alternatively, for the attorney's fees order to be set aside or amended. *See* N.C. Gen. Stat. § 1A-1, Rules 59, 60. The trial court denied Plaintiff's Rule 59 and 60 motions in an order dated 21 September 2023. Plaintiff entered her written notice of appeal on 18 October 2023.

## II. Subject Matter Jurisdiction

Plaintiff maintains the trial court lacked subject-matter jurisdiction to award attorneys' fees under N.C. Gen. Stat. §§ 50B-3(a)(10), 50A-312, and 50-13.6.

## A. Chapters 50 and 50A

The trial court ordered attorney's fees under N.C. Gen. Stat. § 50-13.6:

> In an action or proceeding for the custody or support, or both, of a minor child . . . the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.

It also ordered attorney's fees under N.C. Gen. Stat. § 50A-312, relevant here:

> (a) The court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorneys' fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

As acknowledged by the trial court in its denial of Plaintiff's DVPO on 23 May 2023, determinations of custody "remain[ed] with the Watauga County Department of Social Services pending further orders in that case." To the extent the awards

included fees incurred from the actions under Chapters 50 and 50A, the trial court could not award attorney's fees since those causes of action were stayed by statute. *See* N.C. Gen. Stat. § 7B-200(c)(1) (2023) ("When the court obtains jurisdiction over a juvenile as the result of a petition alleging that the juvenile is abused, neglected, or dependent . . . [a]ny other civil action in this State in which the custody of the juvenile is an issue is automatically stayed as to that issue . . . ."); *see also McMillan v. McMillan*, 267 N.C. App. 537, 542, 833 S.E.2d 692, 696 (2019). Accordingly, we vacate the trial court's award of attorney's fees attributed to the actions under Chapters 50 and 50A.

## B. Chapter 50-B

The trial court cited N.C. Gen. Stat. § 50B-3—the statute enumerating relief available for a protective order—as an additional basis to award attorney's fees. In relevant part, that provision states, "[a] protective order may include [an] . . . [a]ward [of] attorney's fees to either party." N.C. Gen. Stat. § 50B-3(a)(10).

In *Rudder v. Rudder*, a prior panel from our Court considered the validity of a one-year DVPO entered by the trial court after the associated *ex parte* DVPO had expired by more than one-year. 234 N.C. App. 173, 175, 759 S.E.2d 321, 324 (2014). With respect to the trial court's *ex parte* order, the *Rudder* Court initially concluded, "[b]ased upon the orders entered continuing the ex parte DVPO and setting this matter for hearing, upon expiration of the ex parte order after more than a year, the trial court no longer had jurisdiction under the original complaint to enter an order

further extending the DVPO." *Id.* at 184, 759 S.E.2d at 329. Then, the Court extended its reasoning to the associated one-year DVPO: "Because the trial court, in this case, lacked authority to enter the [one-year] order after the ex parte DVPO expired more than 18 months after its original entry, we vacate the [one-year] DVPO and remand for a hearing on defendant's motion for return of firearms." *Id.* at 186, 759 S.E.2d at 330.[1]

N.C. Gen. Stat. § 50B-3(a)(10) characterizes attorney's fees as "relief" available in the order resulting from a request for a DVPO. An application of the *Rudder* ruling results in the trial court losing jurisdiction to enter the order and therefore any relief available under the statute. *Rudder*, 234 N.C. App. at 175, 759 S.E.2d at 324. The *Rudder* decision produces an unintended consequence when considering this particular set of facts. Regardless, we are bound by precedent. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). We vacate the trial court's award of attorney's fees attributed to N.C. Gen. Stat. § 50B-3(a)(10).

---

[1] The *Rudder* Court reached this determination after acknowledging a plaintiff could seek a one-year DPVO even without requesting an *ex parte* DVPO: "This case also does not present the issue whether a hearing upon a domestic violence complaint or motion, when no ex parte order was entered, could be continued repeatedly, even for more than a year, and we do not address that situation." *Id.* at 185, 759 S.E.2d at 330.

**C. N.C. Gen. Stat. § 6-21.5**

In his "Motion to Dismiss; Answer to Amended Complaint," Defendant requested the trial court award reasonable expenses and attorney's fees, citing N.C. Gen. Stat. §§ 1A-1, Rule 11, 50B-3(a)(10), and 6-21.5. Defendant's request for attorney's fees did not cite any provisions from Chapters 50 or 50A. Yet, as noted above, in its order awarding attorney's fees, the trial court's order referenced N.C. Gen. Stat. §§ 50B-3(a)(10), 50A-312, and 50-13.6. The trial court's order does not cite N.C. Gen. Stat. §§ 1A-1, Rule 11, and 6-21.5 in awarding reasonable expenses and attorney's fees, nor does the record reveal whether the trial court considered these statutes. Plaintiff argues on appeal, "the only statutory authority arguably authorizing entry of any attorney's fees award . . . would be N.C. Gen. Stat. §6-21.5," but the trial court's order did not contain "the requisite findings of fact." Neither party argues on appeal for or against remedial measures available under Rule 11.

The relevant portions of N.C. Gen. Stat. § 6-21.5 provide:

> In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading . . . . The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

"The purpose behind N.C. Gen. Stat. § 6-21.5 is to 'discourage frivolous legal action.'" *McLennan v. Josey*, 247 N.C. App. 95, 98, 785 S.E.2d 144, 148 (2016)

(citation omitted). To support an award of attorney's fees under section 6-21.5, "a plaintiff must either":

> (1) 'reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue'; or (2) be found to have 'persisted in litigating the case after the point where [he] should reasonably have become aware that pleading [he] filed no longer contained a justiciable issue.'"

*Id.* at 99, 785 S.E.2d at 148 (citations omitted). "[A] 'prevailing party,' as used in Section 6-21.5, is a party who prevails on a claim or issue in an action, not a party who prevails *in the action*." *Persis Nova Constr. v. Edwards*, 195 N.C. App. 55, 66, 671 S.E.2d 23, 30 (2009) (citation omitted). A prevailing party is one who succeeded "on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 196, 412 S.E.2d 893, 896 (1992) (citation omitted). Although section 6-21.5 is outside of Chapter 50B, a party is permitted to pursue other remedies under N.C. Gen. Stat. § 50B-7(a)(1): "The remedies provided by this Chapter are not exclusive but are additional to remedies provided under Chapter 50 and elsewhere in the General Statutes."

Here, the trial court could have assessed attorney's fees under other statutes which Defendant included in his motion before the trial court. *See id.* Although there is no precedent directly addressing the exact issue before us, our Court has previously determined a trial court possessed jurisdiction to award attorney's fees under section

6-21.5 even though "the motion seeking such payment was filed more than a year after summary judgment was entered for the defendants and more than a month after the judgment was affirmed on appeal." *Brooks v. Giesey*, 106 N.C. App. 586, 590, 418 S.E.2d 236, 238 (1992). An analogous application of *Brooks* to the present matter would be neither inconsistent with *Rudder* nor contradictory to the general statutes. The *Rudder* Court limited its analysis to the trial court's jurisdiction in entering a permanent protective order under section 50B-3 after the relevant *ex parte* DVPO expired. 234 N.C. App. at 182, 759 S.E.2d at 328. Unlike *Rudder*, the issuance of a DVPO by the trial court is not in question here. Rather, the material issue in this case is whether the trial court's jurisdiction persists to award attorney's fees after Plaintiff's *ex parte* DVPO expired. The plain language of section 50B-7(a) incorporates the "remedies provided under Chapter 50 and elsewhere in the General Statutes." N.C. Gen. Stat. § 50B-7. Not only law, but logic also supports the conclusion that the trial court retained its ability to consider attorney's fees under N.C. Gen. Stat. § 6-21.5. Under a scenario whereby a party wrongfully brings an action, and a trial court lacks jurisdiction to consider the claim, depriving a blameless party's request of attorney's fees for want of jurisdiction in the underly claim creates a perplexing result.

When awarding attorney's fees in the instant case, the trial court did not make findings of whether there was a complete absence of a justiciable issue; nor did it make findings of whether either party prevailed. *See id.* § 6-21.5. We therefore

vacate and remand the trial court's underlying order for further proceedings consistent with this opinion.

### III.    Post-Trial Motions

Plaintiff argues the trial court's denial of her Rule 59 and 60 motions "are devoid of reason and amount to a substantial miscarriage of justice." Since we vacate a portion of the trial court's order and remand it for further findings of fact and conclusions of law, the trial court's Rule 59 and 60 order should be vacated as moot. *See Geoghagan v. Geoghagan*, 254 N.C. App. 247, 251–52, 803 S.E.2d 172, 176 (2017) (holding review of the defendant's Rule 60 issue as moot since "the order from which movant sought relief through the Rule 60 motion had been" vacated); *see also Khwaja v. Khan*, 239 N.C. App. 87, 92, 767 S.E.2d 901, 904 (2015) ("Based on the foregoing, we reverse the orders of the trial court entered 29 October 2013 granting Plaintiff summary judgment and costs; we vacate the 25 April 2014 order denying Defendants' Rule 60(b) motion as moot . . . ."). We thus decline to address Plaintiff's arguments with respect to the trial court's Rule 59 and 60 order.

### IV.   Conclusion

For the reasons above, we vacate and remand the trial court's order for attorney's fees, but hold the trial court could award attorney's fees if supported by appropriate statutory authority and a sufficient order. On remand, if the trial court deems appropriate, it may hold an evidentiary hearing and consider additional evidence on the issue of attorney's fees. *See Shropshire v. Shropshire*, 284 N.C. App.

92, 103–04, 875 S.E.2d 11, 20 (2022). Consequently, we vacate the trial court's subsequent order denying Plaintiff's Rule 59 and 60 motions. Since we vacate the orders and remand this matter to the trial court, consideration of Plaintiff's arguments about the trial court's findings of fact and conclusions of law are unnecessary at this time.

VACATED AND REMANDED.

Judge WOOD concurs.

Judge ARROWOOD concurs in part and dissents in part by separate opinion.

No. COA24-200 – *Cauley v. Cauley*

ARROWOOD, Judge, concurring in part and dissenting in part.

I concur with the decision to vacate the order on attorney fees in accordance with the statutes and *Rudder v. Rudder*. The trial court lacked jurisdiction to enter the DVPO after the *ex parte* order expired without proper renewal. However, I dissent from the majority's analysis with respect to N.C.G.S. § 6-21.5, as I believe remanding with instructions on these grounds is unnecessary.

It is well-settled that "the Court of Appeals may not address an issue not raised or argued by [the appellant] for it is not the role of the appellate courts to create an appeal for an appellant." *Bottoms Towing & Recovery, LLC v. Circle of Seven, LLC*, 386 N.C. 359, 362, 905 S.E.2d 14, 16–17 (2024) (quoting *In re R.A.F.*, 384 N.C. 505, 512, 886 S.E.2d 159 (2023)).

In the order on attorney's fees, the trial court concluded defendant was entitled to be reimbursed pursuant to N.C.G.S. §§ 50B-3(a)(1), 50A-312, and 50-13.6. The trial court did not make any findings of fact or conclusions of law with respect to N.C.G.S. § 6-21.5, nor did it find that there was a complete absence of a justiciable issue. Although plaintiff states in her brief that § 6-21.5 may be "the only statutory authority arguably authorizing entry of any attorney's fees award," plaintiff contends that "[w]ithout any of the requisite findings in the Fees Order, the trial court could

not" award attorney's fees to defendant under § 6-21.5.

The majority cites § 50B-7 which allows for parties to pursue other remedies outside Chapter 50B. Although this may be true, the parties here did not pursue remedies under § 6-21.5, at trial or on appeal. I believe we should not address the same, and that the appropriate action in this case is to vacate the orders without reaching beyond the proceedings before the trial court and the parties' arguments on appeal.